IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

UNITED STATES OF AMERICA

v.                                    Criminal No. 3:15CR31

JULIAN MOLINA

**MEMORANDUM OPINION**

Julian Molina, a federal inmate proceeding pro se, brings this motion pursuant to 28 U.S.C. § 2255. (ECF No. 63). The Government has responded, asserting that Molina's § 2255 Motion is untimely. (ECF No. 65.) For the reasons set forth below, the § 2255 Motion will be dismissed as barred by the statute of limitations.

**I.  PROCEDURAL HISTORY**

On September 10, 2015, the Court entered judgment against Molina and sentenced him to 120 months of imprisonment for disposing of a firearm or ammunition to a person knowing that such person is a convicted felon. (ECF No. 52, at 1-2.)[1] Molina did not appeal.

On August 22, 2017, Molina placed the present § 2255 Motion in the prison mail system for mailing to this Court. (ECF No. 63, at 14.) The Court deems the § 2255 Motion filed as of that date. See Houston v. Lack, 487 U.S. 266, 276 (1988). In

---

[1] The Court employs the pagination assigned to the submissions by the CM/ECF docketing system.

his § 2255 Motion, Molina contends that he failed to receive the effective assistance of counsel because counsel failed to alert Molina that Ronald Johnson, the owner of the vehicle in which the ammunition and gun were found, was willing to testify that Johnson placed the gun in the vehicle unbeknownst to Molina.[2] (ECF No. 63, at 7-8.)

## II. ANALYSIS

Section 101 of the Antiterrorism and Effective Death Penalty Act ("AEDPA") amended 28 U.S.C. § 2255 to establish a one-year period of limitation for the filing of a § 2255 Motion. Specifically, 28 U.S.C. § 2255(f) now reads:

> **(f)** A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—
> **(1)** the date on which the judgment of conviction becomes final;
> **(2)** the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> **(3)** the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and

---

[2] Given that Molina's crime flowed from Molina transferring the firearm and ammunition to Johnson, who Molina knew to be a convicted felon, (see ECF No. 35, at 1-2), it is difficult to discern why Molina believes Molina's alleged lack of knowledge of the gun's location would have helpful to the defense.

2

> made retroactively applicable to cases on collateral review; or
>
> **(4)** the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

**A. Running Of The Statute Of Limitations**

Because Molina did not appeal, under 28 U.S.C. § 2255(f)(1), his conviction became final on Thursday, September 24, 2015, the last date to file an appeal. See United States v. Clayton, No. 3:07cr488, 2010 WL 4735762, at *3 (E.D. Va. Nov. 15, 2010) (citing Arnette v. United States, Nos. 4:01CR16, 4:04CV122, 2005 WL 1026711, at *4 (E.D. Va. May 2, 2005)). Hence, Molina had until Monday, September 26, 2016 to file any motion under 28 U.S.C. § 2255. Because Molina did not file his § 2255 Motion until August 22, 2017, the motion is untimely pursuant to 28 U.S.C. § 2255(f)(1).

Neither Molina nor the record suggest any basis for a belated commencement of the limitation period under 28 U.S.C. § 2255(f)(2)-(3). Molina contends that his § 2255 Motion is timely "because this is the third 2255 motion [he] filed and the courts continue to say the never received it." (ECF No. 63, at 13.) As explained below, Molina's prior filings fail to render the present § 2255 Motion timely.

3

## B. Equitable Tolling

Motions pursuant to 28 U.S.C. § 2255 are subject to equitable tolling. See Holland v. Florida, 560 U.S. 631, 645-46 (2010). The Supreme Court has "made clear that a 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Id. at 649 (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)). An inmate asserting equitable tolling "bears a strong burden to show specific facts" that demonstrate he fulfills both elements of the test. Yang v. Archuleta, 525 F.3d 925, 928 (10th Cir. 2008) (quoting Brown v. Barrow, 512 F.3d 1304, 1307 (11th Cir. 2008)).

On September 6, 2016, the Court received from Molina a "MOTION FOR LEAVE TO SUPPLEMENT PETITIONERS 2255." ("First § 2255 Motion," ECF No. 55.) The Rule Governing § 2255 Motions provides: "**Standard Form.** The motion must substantially follow either the form appended to these rules or a form prescribed by a local district-court rule." Rules Governing § 2255 Proceedings for the United States District Courts, Rule 2(c). Accordingly, by Memorandum Order entered on September 27, 2016, the Court sent Molina the standardized form for filing a 28 U.S.C. § 2255 motion. The Court directed Molina to complete and

4

return the form to the Court within thirty (30) days of the date of entry thereof.

More than thirty (30) days elapsed and Molina failed to complete and return the standardized form. Accordingly, by Memorandum Opinion and Order entered on November 15, 2016, the Court dismissed the action without prejudice to Molina refiling on the standardized form.

On January 30, 2017, the Court received from Molina a "MOTION FOR EXTENSION OF TIME TO SUBMIT MEMORANDUM OF LAW AND FACTS IN SUPPORT OF PETITIONER'S 28 U.S.C. 2255 PURSUANT TO RULE 15(c)." (ECF No. 60.) In this Motion, Molina asserted that he sent the Court $2.00 for a copy of his previously filed § 2255 Motion and the Clerk only sent him a single page. (Id. at 1.) By Memorandum Order entered on February 14, 2017, the Court informed Molina that the Court had no record of him requesting copy of his First § 2255 Motion. Additionally, the Court informed Molina that his First § 2255 Motion consisted of only a single page. Finally, the Court denied Molina's request for an extension of time, because he failed to specify for what he required an extension of time as nothing was currently pending before the Court.[3]

---

[3] The brief period where Molina's First § 2255 Motion was pending before the Court provides no basis for tolling the limitation period, as the action was dismissed without

The Court received Molina's previous flawed requests for post-conviction relief and informed him that his submissions failed to provide a viable basis for pursuing § 2255 relief. Molina fails to demonstrate some extraordinary circumstance, "rather than his own lack of diligence, prevented him from filing a habeas petition in a timely fashion." O'Neill v. Dir., Virginia Dep't of Corr., No. 3:10CV157, 2011 WL 3489624, at *6 (E.D. Va. Aug. 9, 2011).

### III. CONCLUSION

For the foregoing reasons, Molina's § 2255 Motion (ECF No. 63) will be denied. The action will be dismissed. A certificate of appealability will be denied.

The Clerk is directed to send a copy of the Memorandum Opinion to Molina and counsel for the Government.

It is so ORDERED.

/s/ REP
Robert E. Payne
Senior United States District Judge

Richmond, Virginia
Date: July 20, 2018

---

prejudice. Rice v. Jefferson Pilot Fin. Ins. Co., 578 F.3d 450, 457 (6th Cir. 2009)(quoting Wilson v. Grumman Ohio Corp., 815 F.2d 26, 27 (6th Cir. 1987).