IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

UNITED STATES OF AMERICA

v.                                          Criminal No. 3:15cr31

JULIAN MOLINA

### MEMORANDUM OPINION

This matter is before the Court on the defendant's Motion and Memorandum in Support for Compassionate Release Pursuant to Section 603(b) of the First Step Act (ECF No. 77) ("MOTION"). Having considered the MOTION, the RESPONSE OF THE UNITED STATES IN OPPOSITION TO DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE (ECF No. 79), the letters from the defendant (ECF Nos. 80 and 81), and the letter received from the defendant (ECF No. 85), together with the letter from the defendant (ECF No. 87), and the briefing on the exhaustion of remedies filed by both parties (ECF Nos. 83, 86, and 88), and the Joint Status Report filed respecting the availability of vaccines at the institution of Molina's confinement (ECF No. 90), and, for the reasons set forth below, the defendant's Motion and Memorandum in Support for Compassionate Release Pursuant to Section 603(b) of the First Step Act (ECF No. 77) will be denied.

## BACKGROUND

On March 3, 2015, the defendant was indicted for possession of a firearm by a felon in violation of 18 U.S.C. § 922(g)(1). The defendant was also named in a one count Criminal Information charging with him Disposal of Firearm to Prohibited Person, in violation of 18 U.S.C. § 922(d)(1). On June 1, 2015, the defendant pled guilty to the charge in the Criminal Information (disposing of a firearm to a prohibited person).

The defendant's criminal history category was VI. His criminal history consumes fifteen pages in the presentence report and includes, inter alia, convictions for possessing cocaine along with a firearm and possessing cocaine with intent to distribute (for which he received lenient sentences of ten and twenty-five years, respectively, with all but five years suspended); possession of cocaine with intent to distribute it, approximately five years later (for which he received a lenient sentence of twenty years with seventeen years suspended); possession of heroin (for which he received a lenient sentence of ten years with seven years suspended); forgery; possession of cocaine with intent to distribute and possession of heroin with intent to distribute (for which he received lenient sentences of ten years, all of which were suspended); possession of imitation controlled substance with intent to distribute (for which he received a lenient sentence of

2

five years with two and one-half years suspended). His record is littered with a number of driving offenses for which he received no criminal history points and with numerous other petty offenses.

In accord with the terms of a Plea Agreement, the defendant was sentenced to the maximum term of imprisonment, 120 months for the charge of Disposal of a Firearm to a Prohibited Person (ECF Nos. 34, 47, and 52). An examination of the record reflects that the original sentence was imposed, as agreed upon, because of the defendant's extensive criminal history and the seriousness of the offense of conviction, and the fact that he had been accorded numerous instances of leniency and had not benefited therefrom at all.

The defendant now has moved for compassionate release. In support, Molina argues that he is particularly susceptible to COVID-19 and is more likely to suffer dire consequences from the virus due to his medical conditions. In particular, he is being treated for arthritis, degenerative joint disease, hernias, and irregular bowel movements.

## DISCUSSION

The applicable statute, 18 U.S.C. § 3582(c)(1)(A), provides, in pertinent part, that, upon appropriate motion, the Court "may reduce the term of imprisonment . . . if it finds that 'extraordinary and compelling reasons' warrant such a reduction."

3

It is settled that the burden is on the defendant to prove that extraordinary and compelling reasons exist for compassionate release under § 3582(c)(1)(A)(i). United States v. White, 378 F. Supp.3 784, 785 (W.D. Mo. 2019).

The "mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering the Bureau of Prison's statutory role, and extensive professional efforts to curtail the virus' spread. United States v. Raia, 954 F.3d 594, 597 (3rd Cir. 2020). In assessing whether the record shows the existence of extraordinary and compelling reasons for compassionate release, courts consider, inter alia, the guidance of the CDC, and non-binding policy statements of the United States Sentencing Guidelines. See United States v. Beck, 425 F. Supp. 3d 573, 581-82 (M.D.N.C. 2019). The guidelines teach that, to constitute extraordinary and compelling reasons for compassionate release, medical conditions must be serious. Also, it is generally true that "chronic conditions that can be managed in prison are not a sufficient basis for compassionate release." United States v. Ayon-Nunez, No. 1:16-cr-130, 2020 WL 704785, at *2-3 (E.D. Cal. Feb. 12, 2020).

To establish existence of "extraordinary and compelling" reasons for compassionate release because of COVID-19, the

4

defendant must show "both a particularized susceptibility to the disease and a particularized risk of contracting the disease at [his] prison facility." United States v. White, \_\_\_\_\_ F. Supp.3d \_\_\_\_\_, 2020 WL 1906845, at *1 (E.D. Va. April 23, 2020) (quoting United States v. Feiling, 453 F. Supp.3d 832, 840 (E.D. Va. 2020)).

### 1. Particularized Susceptibility

The defendant has established that he has several health conditions: arthritis, degenerative joint disease, hernias, and irregular bowel movements. However, the defendant has not established that those conditions make him particularly susceptible to COVID-19. And, even if Molina had established a higher susceptibility to COVID-19, that alone would not resolve the particularized susceptibility requirement.

It appears, from the record, that the conditions on which Molina bases his motion are "chronic conditions that can be managed in prison [and thus] are not a sufficient basis for compassionate release." United States v. Ayon-Nunez, No. 1:16-cr-130, 2020 WL 704785, at *2-3 (E.D. Cal. Feb. 12, 2020). Furthermore, Molina has not established that his medical needs cannot be met while incarcerated and, indeed, the medical records filed herein outline that Molina receives regular medical care, adjustment of his medications, and testing related to the chronic health issues on which he fastens his request for compassionate release.

In sum, Molina has not met the particularized susceptibility risk facet of the applicable test.

### 2. Particularized Facility Risk

Nor has Molina met the particularized facility risk component of the appropriate test. His motion cites press releases respecting the instances of COVID-19 among inmates and staff at BOP facilities nationwide, but provides no real evidentiary support of a particularized risk of contracting the disease at FCI Oxford, the defendant's facility of incarceration. Indeed, the record reflects that, at the time of the filing of Molina's papers, FCI Oxford had three active case of COVID-19.[1] When the United States filed its papers, FCI Oxford reported that one inmate and one staff member had COVID-19. On this record, it cannot be said that Molina has met the "particularized facility risk" component of the compassionate release test.

---

[1] FCI Oxford received its first shipment of COVID-19 vaccine during the week of February 8, 2021 and its second shipment in the first week of March 2021. (The second shipment will be offered only to those who received a dose of the first shipment). The Bureau of Prisons, having evaluated Molina, does not consider him to be a high risk inmate and he is on a low priority list for the vaccine. To date, he has not been vaccinated and no vaccination is scheduled.

6

3.     **Assessment Under 18 U.S.C. § 3553(a)**

But, even if Molina had met the particularized risk assessment and the particularized facility assessment (which he has not), it would be appropriate to deny compassionate release in perspective of the sentencing factors prescribed by 18 U.S.C. § 3553(a). Compassionate release, of course, is appropriate only where the defendant is not a danger to the safety of any other person or of the community.

In his MOTION and in several letters, Molina asserts that he is not a danger to the community. He says he is not a danger because he is a nonviolent offender who does not appear to resort to violence. It is correct that Molina has no conviction for offenses of violence, but he is a persistent dealer of drugs. Distributing drugs presents a danger to the community because people who consume drugs can, and often do, suffer life-altering (even life-ending), consequences. And, as the courts universally recognize, drug dealing is often accompanied by the use of weapons to protect the dealer and his product. Molina has a history of utterly undeterred pursuit of the highly dangerous activity that is drug dealing.

Moreover, the offense of conviction is a particularly serious one in which he made available a weapon to a known felon. And, indeed, Molina himself was found in possession of an automatic

7

weapon when arrested. In other words, Molina has shown, even after extensive leniency, to be an armed felon who is willing to arm other felons. That certainly poses a high risk of danger to the community.

Of great significance, Molina has committed ten offenses subject to Bureau of Prisons' disciplinary rules during his incarceration. One of those instances is particularly troublesome because he threatened bodily harm to a staff member. The several letters that Molina submitted directly to the Court reflect largely his remorse for being caught and for agreeing to the sentence to which he agreed in the Plea Agreement. Molina's letters explain the circumstances of his offense in the light most favorable to him which, although understandable, does not illustrate the remorse.[2]

Taken as a whole, there is nothing in the record to support that application of the factors under 18 U.S.C. § 3553 would warrant a reduction of the sentence for compassionate release purposes or that Molina is eligible for such a reduction. Indeed, Molina, to put it simply, seems to be incapable of learning from leniency and a stiff sentence was appropriate originally to protect

---

[2] It appears that Molina enjoys familial support upon his requested release. That, however, is not of persuasive difference, considering the offense of conviction, Molina's criminal history, and his behavior in prison.

8

the public, to promote respect for the law, and to deter him from criminal conduct and it remains appropriate precisely for the same reasons. And, as discussed above, Molina does not qualify for compassionate release.

For the reasons set forth above, the defendant's Motion and Memorandum in Support for Compassionate Release Pursuant to Section 603(b) of the First Step Act (ECF No. 77) will be denied.

It is so ORDERED.

/s/ *REP*
Robert E. Payne
Senior United States District Judge

Richmond, Virginia
Date: April 8, 2021